UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LISA K. ABBRUSCATO,

                        Plaintiff,

v.

                                                                            Case # 16-CV-117-FPG

NANCY A. BERRYHILL[1],
ACTING COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

                                                                            DECISION AND ORDER

Lisa K. Abbruscato ("Abbruscato" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 14. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On September 20, 2012, Abbruscato applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 176-83. She alleged that she had been disabled since March 2, 2010, due to Crohn's disease, anxiety, depression, post-traumatic stress disorder ("PTSD"), and asthma. Tr. 205. On March 5, 2014, Abbruscato and a vocational expert ("VE") appeared and

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]     References to "Tr." are to the administrative record in this matter.

testified at a hearing before Administrative Law Judge Bruce Mazzarella ("the ALJ"). Tr. 31-89. On September 18, 2014, the ALJ issued a decision finding that Abbruscato was not disabled within the meaning of the Act. Tr. 12-25. On December 16, 2015, the Appeals Council denied Abbruscato's request for review. Tr. 1-6. Thereafter, Abbruscato filed this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial

gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Abbruscato's claim for benefits under the process described above. At step one, the ALJ found that Abbruscato had not engaged in substantial gainful activity since the alleged onset date. Tr. 14. At step two, the ALJ found that Abbruscato has the following severe impairments: depression, anxiety, PTSD, fibromyalgia, and asthma. Tr. 14-16. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 16-18.

Next, the ALJ determined that Abbruscato retained the RFC to perform light work[3] with additional limitations. Tr. 18-23. Specifically, the ALJ found that Abbruscato can sit, stand, and walk for an eight hour workday with only normal breaks and meal periods; can lift and carry up to 20 pounds occasionally and 10 pounds frequently; cannot work in unventilated areas that contain high concentrations of dust, fumes, gases, or vapors; and is limited to simple, repetitive, and routine tasks in a low contact work environment with the general public and other employees. Tr. 18.

At step four, the ALJ relied on the VE's testimony and found that this RFC prevents Abbruscato from performing her past relevant work. Tr. 23. At step five, the ALJ relied on the VE's testimony and found that Abbruscato can perform work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 23-24.

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

Specifically, the VE testified that Abbruscato could work as a mailroom clerk and housekeeper. Tr. 24. Accordingly, the ALJ concluded that Abbruscato was not "disabled" under the Act. Tr. 24-25.

## II. Analysis

Abbruscato argues that remand is required because the ALJ failed to discuss the medical opinion of state agency review psychologist Juan Echevarria, M.D. ("Dr. Echevarria").[4] ECF No. 10-1, at 21-24. Abbruscato asserts that this omission warrants remand because Dr. Echevarria's opinion conflicts with the RFC assessment. *Id.* at 23. The Court agrees.

The SSA's regulations require the ALJ to "evaluate every medical opinion [he or she] receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997), *aff'd*, 141 F.3d 1152 (2d Cir. 1998); 20 C.F.R. §§ 404.1527(c), 416.927(c). Unless a treating source's opinion is given controlling weight, the ALJ must consider the following factors when he or she weighs a medical opinion: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

After reviewing the record, Dr. Echevarria opined that Abbruscato's "ability to deal with coworkers and the public would be somewhat reduced but adequate to handle brief and

---

[4] Abbruscato advances other arguments that she believes require reversal of the Commissioner's decision. ECF No. 10-1, at 21-30. However, because the Court disposes of this matter based on the ALJ's failure to evaluate a medical opinion, those arguments need not be reached.

5

superficial contact." Tr. 98. Despite the fact that the regulations required the ALJ to evaluate Dr. Echevarria's opinion, the ALJ's decision does not mention it at all. Tr. 18-23.

Abbruscato contends that Dr. Echevarria's opinion that she can handle only "brief and superficial contact" with coworkers and the public is more restrictive then the ALJ's RFC determination that she can work in a "low contact" environment with coworkers and the public. Tr. 18, 98. Abbruscato relies on *Strange v. Comm'r of Soc. Sec.*, No. 6:13-cv-527 (GLS/ESH), 2014 WL 4637093, at *10 (N.D.N.Y. Sept. 16, 2014) wherein the court noted that the RFC assessment limiting the plaintiff to "routine, superficial, and incidental" contact with coworkers was *more* restrictive then the consultative examiner's opinion that the plaintiff was limited to "low public contact."

The Commissioner asserts that the ALJ's failure to acknowledge Dr. Echevarria's opinion or to reconcile the disparity between his opinion and the RFC assessment is harmless error because the mailroom clerk and housekeeping jobs the VE identified require little interaction with coworkers and the public. ECF No. 14-1, at 23. This assertion, however, is not apparent based on a review of the Department of Labor's Dictionary of Occupational Titles ("DOT"). Although the DOT indicates that employee interaction with people is "not significant" in the mailroom clerk and housekeeping jobs (*see* DOT, Mailroom Clerk # 209.687-026, 1991 WL 671813 (4th ed. 1991); Cleaner, Housekeeping # 323.687-014, 1991 WL 672783 (4th ed. 1991)), the Court cannot determine whether this means "brief and superficial contact," "low contact," or some other level of contact with coworkers and the public. It is the VE's job to provide this information, and then the ALJ has an "affirmative duty . . . to identify and resolve any conflict between the [VE]'s testimony and the DOT before relying on such testimony." *Patti*

6

*v. Colvin*, No. 13-CV-1123-JTC, 2015 WL 114046, at *6 (W.D.N.Y. Jan. 8, 2015) (citation omitted); S.S.R. 00-4p, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000).

The Court finds that the ALJ erred when he failed to evaluate Dr. Echevarria's opinion. The ALJ did not give controlling weight to a treating source's opinion—in fact, he explicitly rejected the opinions of treating physicians Lynne Ross, M.D. and Bela Ajtai, M.D.—and thus was required to evaluate every medical opinion that he received. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); Tr. 22-23. Moreover, this error was not harmless because it is unclear whether the jobs the VE identified appropriately limit Abbruscato's interaction with coworkers and the public. Accordingly, remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 12, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court