UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LISA K. ABBRUSCATO,

                                  Plaintiff,           Case # 16-CV-117-FPG

v.                                                            DECISION AND ORDER

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                                  Defendant.

## INTRODUCTION

Lisa K. Abbruscato brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits. ECF No. 1. On June 12, 2017, the Court granted Abbruscato's motion for judgment on the pleadings and remanded this case for further administrative proceedings. ECF No. 17. Thereafter, the Court entered a Stipulation and Order awarding Abbruscato's attorney, Brandi C. Smith, $6,472 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] ECF No. 22.

On November 10, 2019, the SSA issued a Notice of Award granting Abbruscato disability benefits and withholding $29,447.38—25 percent of her past due benefits—to pay her attorney. ECF No. 23-2 at 2. On November 26, 2019, Abbruscato moved for $29,447.38 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 23. The Commissioner defers to the Court as to whether the requested fees are reasonable. ECF No. 25.

For the reasons that follow, Abbruscato's motion is GRANTED, Smith is awarded $29,447.38 in fees, and Smith shall remit the $149.50 in EAJA fees to Abbruscato.

---

[1] Smith only received $149.50 of that award; she assumes that the remainder was used to offset a government debt. *See* ECF No. 23-2 at 2.

1

## DISCUSSION

**I.      § 406(b) and Reasonableness of the Requested Fee**

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, the SSA awarded Abbruscato $117,789.50 in past due benefits and therefore counsel's request for $29,447.38 in fees represents 25% of the award and does not exceed the statutory cap.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because Abbruscato's motion for judgment on the pleadings led the Court to remand this case for further administrative proceedings. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Here, Smith spent 34.43 hours in connection with the appeal to this Court. ECF No. 23-2 at 2-3. Dividing the $29,447.38 fee requested by 34.43 hours yields an hourly rate of $855.28. While high, this Court has found such high rates reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf. *McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1.051.64); *see also Torres v. Colvin*, No. 11-CV-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00."); *Morrison v. Saul*, No. 16-CV-4168, 2019 WL 6915954, at *3 (S.D.N.Y. Dec. 19, 2019) (approving fees based on effective hourly rate of $935.52).

Accordingly, based on all of the above, the Court concludes that the requested fee award is reasonable.

Furthermore, counsel must refund the EAJA fees to Abbruscato, which he indicated she intends to do. ECF No. 23-1 at 8; *see also Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 457 (W.D.N.Y. 2005) (noting that if an attorney's fees award is ordered under the EAJA and § 406(b), the lesser of the two awards must be returned to the claimant).

## CONCLUSION

Abbruscato's motion for attorney's fees under § 406(b) (ECF No. 23) is GRANTED and Abbruscato is awarded $29,447.38 in fees. The Court directs the Commissioner to release those funds withheld from Abbruscato's benefits award. After counsel receives the § 406(b) fee, she must remit the $149.50 EAJA fee to Abbruscato.

IT IS SO ORDERED.

Dated: February 19, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court